UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL MARSH, JR., | : | |
| Plaintiff, | : | CIVIL ACTION NO. 3:23-899 |
| v. | : | (JUDGE MANNION) |
| A. STRATTON, counselor, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

Before the court is *pro se* Plaintiff's, Daniel Marsh, Jr. ("Marsh" or Plaintiff), motion for reconsideration of the court's March 28, 2025 memorandum and order granting Defendants' motion to dismiss and closing the case. (Doc. 36). Plaintiff's dissatisfaction with the court's order—without more—is not an adequate reason to justify a reconsideration of the order, nor is a motion for reconsideration an opportunity for Plaintiff to present new claims to the Court. For the reasons below, the court will deny Plaintiff's motion.

I.   BACKGROUND

Marsh is a convicted state prisoner who commenced this civil action by filing a complaint, which the Clerk of Court docketed on June 1, 2023. (Doc. 1.) In the complaint, Marsh named certain correctional officials as defendants, namely: (1) A. Stratton ("Stratton"), a counselor at Pennsylvania

State Correctional Institution at 1100 Pike Street, Huntingdon Pennsylvania ("SCI Huntingdon"); (2) J. Rivello ("Rivello"), Superintendent at SCI Huntingdon; (3) Johnny Johnson ("Johnson") of the Pennsylvania Board of Pardons and Parole ("Parole Board");[1] and (4) the Secretary of the Commonwealth of Pennsylvania Department of Corrections ("DOC Secretary"). (*Id.* at 1–3.) A detailed background of the case and the allegations made are set forth in the court's prior memorandum dated March 28, 2025, (Doc. 34 at 1-17), which is incorporated herein by reference.

On September 13, 2023, Defendants timely filed their motion to dismiss (Doc. 13), which this court granted, finding, *inter alia*, that (1) any claims regarding the appeal of Plaintiff's PCRA petition and the denial of a grievance requesting legal boxes are barred by statute of limitations, (*id.* at 21-24); (2) the claims against Defendants Harry, Johnson, and Rivello must be dismissed for failure to allege personal involvement, (*id.* at 24-29); (3) the Fourth Amendment was inapplicable to the contents of Plaintiff's cell, including his birth certificate and social security card, (*id.* at 29-30); (4) Plaintiff failed to establish that he had been subject to cruel and unusual punishment, (*id.* at 30-33); (5) the deprivation of property Plaintiff alleged is

---

[1] Marsh misspells "parole" as "paroll" in the caption and body of the complaint. (Doc. 1 at 1, 3.) The Court uses the proper spelling in this Memorandum.

insufficient to raise a due process claim and the inmate grievance system provides an adequate post-deprivation remedy available to Plaintiff, (*id.* at 33-37); and (6) the Fifth Amendment does not apply to Defendants who are state employees, (*id.* at 38-39). On April 21, 2025, Plaintiff filed a motion for reconsideration. (Doc. 36). With the filing of Defendants' brief in opposition, (Doc. 37), the motion is now ripe for disposition.

**II.   DISCUSSION**

A court may alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e). *See Keifer v. Reinhart Foodservices, LLC.*, 563 F. App'x 112, 114 (3d Cir. 2014). "A motion under Rule 59(e) is a 'device to relitigate the original issue' decided by the district court, and used to allege legal error*." United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (quoting *Smith v. Evans*, 853 F.2d 155, 158-159 (3d Cir. 1988)). A motion to alter or amend "must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice." *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194,1218 (3d Cir. 1995) (internal quotation marks and brackets omitted); *see also, Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). However, "motions for reconsideration should not be used to put forward arguments

which the movant ... could have made but neglected to make before judgment." *United States v. Jasin*, 292 F.Supp.2d 670, 677 (E.D. Pa. 2003) (internal quotation marks and alterations omitted) (quoting *Reich v. Compton*, 834 F.Supp.2d 753, 755 (E.D. Pa. 1993) *rev'd in part and aff'd in part on other grounds*, 57 F.3d 270 (3d Cir. 1995)). Nor should they "be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Donegan v. Livingston*, 877 F.Supp.2d 212, 226 (M.D. Pa. 2012) (quoting *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002)).

      Plaintiff's motion cannot succeed under Rule 59(e). As correctly noted by Defendants, Plaintiff presents no errors of law or fact to correct, nor is there any newly discovered evidence. Plaintiff does not contest the court's decisions regarding his Fourth, Fifth, or Eighth Amendment claims and only contests dismissal of the Fourteenth Amendment due process claim. As the court has already resolved this issue in its earlier memorandum, it will not entertain Plaintiff's attempt to relitigate the matter. Furthermore, Plaintiff's motion for reconsideration inappropriately introduces new claims of fraud,

*Brady* violations, prosecutorial misconduct,[2] false arrest and false imprisonment, among others. Motions for reconsideration are not the proper means for plaintiffs to bring forward new claims that may have been sought prior to judgment. *Rinaldi v. United States*, 2015 WL 9304105, at *4 (M.D. Pa. Dec. 22, 2015) (stating that a plaintiff cannot amend a complaint through a motion for reconsideration). In fact, all of these claims, cases and arguments cited by Plaintiff in the instant motion were available to him at the time of filing his brief in opposition to the motion to dismiss. The arguments he presents (other than in support of his new claims) have already been addressed by the court. Mere dissatisfaction with the court's ruling does not constitute a valid basis for reconsideration. Accordingly, the motion for reconsideration will be denied.

## IV. CONCLUSION

Based on the foregoing, the Court will **DENY** Plaintiff's motion for reconsideration **(Doc. 36)**. An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: May 15, 2025**
23-899-02

---

[2] The prosecutors who Plaintiff refers to are not even parties to this case.